## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KHARA AMUN BEY,                                          CIVIL ACTION
    **Plaintiff**


**VERSUS**                                               **NO. 14-2457**


**24th JUDICIAL DISTRICT COURT, ET AL.,**               SECTION: "E" (4)
    **Defendants**


## ORDER AND REASONS

This is a civil action in which the Plaintiff is proceeding *pro se* and *in forma pauperis*.  Plaintiff alleges his civil rights were violated during certain criminal proceedings before the Twenty-Fourth Judicial District Court ("24th JDC") and the Second Parish Court of Jefferson Parish ("2nd Parish Court").  Plaintiff further alleges he was mistreated while incarcerated at the Jefferson Parish Correctional Center ("JPCC").  Plaintiff has filed suit against the 24th JDC, the 2nd Parish Court, the JPCC, and Jefferson Parish (the "Parish").

Defendants have separately moved to dismiss the complaint for failure to state a claim upon which relief can be granted.[1]  The 2nd Parish Court has also moved to dismiss for insufficient service of process.  For the following reasons, the Court finds Plaintiff has failed to state a claim against any Defendant.[2]  The Motions are GRANTED, and this matter is DISMISSED WITH PREJUDICE.

---

[1] R. Docs. 10, 26, 29, 30.
[2] Accordingly, the Court need not decide whether the 2nd Parish Court was properly served.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3]  A claim is "plausible on its face" when the pleaded facts, accepted as true, allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]  In reviewing the instant motions, the Court is mindful that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[5]

## LAW AND ANALYSIS

Plaintiff's claims are governed by 42 U.S.C. § 1983.[6]  Section 1983 provides a private right of action to redress violations of federal law by any "person" acting under color of state law.[7]  It is well established that as Louisiana state courts, neither the 24th JDC nor the 2nd Parish Court is a "person" subject to suit under Section 1983.[8]  It is equally well established that parish prisons such as the JPCC are not juridical entities

---

[3] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

[6] Plaintiff purports to bring his constitutional and extra-constitutional claims directly.  *See* R. Doc. 14, ¶ 2. With respect to the former, the Fifth Circuit has held that Section 1983 is the proper vehicle for seeking relief against state actors who violate a plaintiff's constitutional rights.  *See Hearth, Inc. v. Dept. of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980); *Mitchell v. City of Hous., Tex.*, 57 F. App'x 211, at *1 (5th Cir. 2003) ("When a statutory mechanism is available, 42 U.S.C. § 1983 being a prime example, plaintiffs must invoke its protection.").  Plaintiff has also asserted claims for violations of the "United Nations Declaration on the Rights of Indigenous Peoples" and the "Universal Declaration of Human Rights."  *See* R. Doc. 1, p. 8. Plaintiff provides no authority—nor can this court find any—to suggest these treaties/documents create substantive rights that can be enforced in federal court.

[7] 42 U.S.C. 1983.

[8] *See, e.g., Spikes v. O'Berry*, No. 14-2968, 2015 WL 1758053, at *5 (E.D. La. Apr. 17, 2015) ("[A] state court is not a person for purposes of suit under Section 1983."); *Wilkerson v. 17th Judicial Dist. Court, Parish of Lafourche*, No. 08-1196, 2009 WL 249737, at *3 (E.D. La. Jan. 30, 2009) ("[A] state court is not a 'person' subject to suit under § 1983."); *Schwertz v. Garner*, No. 09-018, 2009 WL 348556, at *2 (E.D. La. Feb. 9, 2009) ("[S]tate courts are not juridical entities capable of being sued under 42 U.S.C. § 1983.").

capable of being sued.[9]  Because the JDC, Second Parish Court, and JPCC are not proper party defendants, the claims against them must be dismissed.

The Parish, on the other hand, is a proper party defendant in a 1983 action.  A civil rights claim may be brought against a state or local governing body "where official policy or governmental custom is responsible for a deprivation of rights protected by the Constitution."[10]    Broadly construed,[11] Plaintiff's complaint alleges the Parish is responsible for the conditions of confinement at the JPCC.

Plaintiff has not identified any policy or custom of the Parish causally related to the conditions of confinement at the JPCC.  Nor could he.  Under Louisiana law, "the sheriff's office, not the parish, controls the inmates of the jail, the employees of the jail, and the daily management and operation of the jail."[12]    Because local governments cannot be held liable for the actions of municipal employees they do not control,[13] Louisiana courts routinely dismiss 1983 suits against parishes based on the conditions of confinement in a parish jail.[14]  "The proper defendant for [a 1983] claim concerning the conditions of confinement in a parish jail is the parish sheriff in his official capacity.[15]

---

[9] *See, e.g.*, *Wetzel v. St. Tammany Parish Jail*, 610 F. Supp. 2d 545, 548 (E.D. La. 2009) ("[U]nder federal law, a county (or parish) prison facility, is not a 'person' within the meaning of [Section 1983]."); *Williams v. Louisiana*, No. 08-4470, 2008 WL 4811178, at *3 (E.D. La. Oct. 29, 2008) ("A prison or jail is not a 'person' subject to suit under 42 U.S.C. § 1983.").

[10] *Gelin v. Housing Authority of New Orleans*, 456 F.3d 525, 527 (5th Cir. 2006) (internal quotation marks omitted).

[11] Plaintiff does not make any direct allegations against the Parish.

[12] *Salvagio v. Doe*, No. 13-5182, 2013 WL 6623921, at *3 (E.D. La. Dec. 16, 2013).

[13] *Broussard v Foti*, No. Civ.A. 00-2318, 2001 WL 258055, at *2 (E.D. La. Mar. 14, 2001).

[14] *See, e.g.*, *Salvagio*, 2013 WL 6623921, at *3 ("Because plaintiff's allegations focus on the legality of his detention . . . the parish cannot be held liable for any misconduct on the part of the sheriff's employees with respect to plaintiff's detention."); *Dolan v. Parish of St. Tammany*, No. 12-2911, 2013 WL 3270616, at *2–4 (E.D. La. June 26, 2013); *Ates v. Terrebonne Parish*, No. 13-5752, 2013 WL 6858455, at *3 (E.D. La. Dec. 30, 2013); *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998); *Broussard*, 2001 WL 258055, at *2; *Williams*, 2008 WL 4811178, at *3.

[15] *Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Wetzel v. Strain*, No. 09-6353, 2010 WL 521008, at *2 (E.D. La. Feb. 9, 2010).

## CONCLUSION

As a general rule, the district court should not dismiss a *pro se* complaint under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.[16]   Plaintiff has already amended his complaint once.[17]   More importantly, the district court need not permit further amendment if there is "no viable claim [the plaintiff] could include in an amended petition with regard to the[] underlying facts."[18]   As set forth above, Plaintiff cannot state a legally cognizable claim against any of the named Defendants.   For this reason, dismissal with prejudice is warranted.

**New Orleans, Louisiana, this 15th day of May, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[16] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).

[17] *See* R. Doc. 9.

[18] *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam).